IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY ANN PACHECO,<br><br>    Plaintiff,<br><br>  v.<br><br>CITIBANK (SOUTH DAKOTA), N.A., as successor to SEARS, ROEBUCK AND CO., dba SEARS/CBSD,<br><br>    Defendant. | No. C 07-01276 JSW<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** |

Now before the Court is the motion to dismiss by defendant Citibank (South Dakota), N.A. ("Citibank"). Having carefully considered the parties' arguments and relevant legal authority, the Court hereby grants Citibank's motion.

## BACKGROUND

Plaintiff Mary Ann Pacheco ("Pacheco") alleges that Citibank communicated false representations to the national credit bureau regarding a debt owed to Citibank. (Compl., ¶ 11.) Based on such allegation, Pacheco brings claims against Citibank pursuant to the Federal Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692b- 1692j, and the California Rosenthal Fair Debt Collection Practices Act ("Rosenthal Act"), Cal. Civ. Code § 1788, *et seq*. Citibank now moves to dismiss Pacheco's FDCPA claim on the grounds that Citibank does not qualify as a debt collector under the federal law and her Rosenthal Act claim on the grounds that it is preempted.

# ANALYSIS

## A. Applicable Legal Standards.

A motion to dismiss is proper under Rule 12(b)(6) where the pleadings fail to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Motions to dismiss are viewed with disfavor and are rarely granted. *Hall v. City of Santa Barbara*, 833 F.2d 1270 (9th Cir. 1986). A complaint should not be dismissed under Rule 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). "A complaint may be dismissed for one of two reasons: (1) lack of a cognizable theory or (2) insufficient facts under a cognizable legal claim." *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984). On a motion to dismiss, the complaint is construed in the light most favorable to the non-moving party and all material allegations in the complaint are taken to be true. *Sanders v. Kennedy*, 794 F.2d 478, 481 (9th Cir. 1986). The court, however, is not required to accept legal conclusions cast in the form of factual allegations, if those conclusions cannot reasonably be drawn from the facts alleged. *Clegg v. Cult Awareness Network,* 18 F.3d 752, 754-55 (9th Cir. 1994) (citing *Papasan v. Allain,* 478 U.S. 265, 286 (1986)).

## B. Citibank's Motion to Dismiss.

### 1. FDCPA Claim.

Citibank moves to dismiss Pacheco's FDCPA claim because Citibank is not a debt collector under the federal law. The FDCPA prohibits "debt collector[s]" from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. Creditors that are collecting debts owed to them, and do so using their true business name, are exempt from FDCPA's definition of debt collectors. 15 U.S.C. § 1692(a)(6) (defining a "debt collector" as: "[A]ny person ... who regularly collects or attempts to collect, directly or indirectly, *debts owed or due or asserted to be owed or due another* ... [T]he term includes any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts...."). Accordingly, "generally, as a matter of law, 'creditors are not subject to the

2

FDCPA.'" *Doherty v. Citibank (South Dakota) N.A.*, 375 F. Supp. 2d 158, 161-62 (E.D.N.Y. 2005 (quoting *Maguire v. Citicorp Retail Services, Inc.*, 147 F.3d 232, 235 (2d Cir. 1998)).

Here, Pacheco alleges that she entered into a consumer transaction with Citibank and that she was unable to pay this debt she incurred. (Compl., ¶¶ 8-9.) According to Pacheco, this debt was discharged through bankruptcy, but Citibank nonetheless reported this debt to a national credit bureau. (*Id.*, ¶¶ 10-11.) Pacheco does not dispute that she cannot bring a FDCPA claim against Citibank. In fact, she contends that she did not even allege such a claim. (Opp. at 2.) Accordingly, the Court grants Citibank's motion to dismiss as to her FDCPA claim, to the extent one is alleged.

**2.   Rosenthal Act Claim.**

Citibank also moves to dismiss Pacheco's Rosenthal Act claim, arguing that it is preempted by the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq*. ("FCRA"). Section 1681t of the FRCA governs its preemptive scope. This section provides, in pertinent part, that "[n]o requirement or prohibition may be imposed under the laws of any State – (1) with respect to any subject matter regulated under ... (F) section 1681s-2 of this title, relating to the responsibilities of persons who furnish information to consumer reporting agencies ... ." 15 U.S.C. § 1681t(b). Title 15 U.S.C. section 1681s-2 prohibits furnishing information known to be false, or where there is reasonable cause to believe it is false, about a consumer to a consumer reporting agency. 15 U.S.C. § 1681. Based on this statutory language, a district court in California found that "[o]n its face, the FCRA precludes all state statutory or common law causes of action that would impose any 'requirement or prohibition' on the furnishers of credit information." *Roybal v. Equifax*, 405 F. Supp. 2d 1177, 1181 (E.D. Cal. 2005). Although the Ninth Circuit has not yet ruled on this issue, "the majority of district courts in the Ninth Circuit have held that the FCRA preempts state statutory and common law causes of action which fall within the conduct proscribed under § 1681s-2(a)." *Trout v. BMW of North America*, 2007 WL 602230, *2 (D. Nev. Feb. 20, 2007) (citing *Cisneros v. Trans Union, LLC*, 293 F. Supp. 2d 1167, 1175 (D. Hawaii 2003); *Roybal*, 405 F. Supp. 2d at 1179-80; *Davis v. Maryland Bank N.A.*, 2002 WL 32713429, *2 (N.D. Cal. June 19, 2002)). Any state statutory or common

3

1  law claims premised on the provision of inaccurate or false information to a consumer reporting
2  agency are therefore preempted by the FCRA. *Id.*; *see also Roybal*, 405 F. Supp. 2d at 1181
3  (finding plaintiff's state law claims, including one under the Rosenthal Act, based on an alleged
4  injury arising purely from the reporting of credit information were completely preempted).

5  Pacheco does not provide any authority to the contrary. Instead, she that the FCRA does
6  not preempt claim under the FDCPA, but does not address the preemption of her state law
7  Rosenthal Act claim.

8  Here, Pacheco's claim is premised solely on Citibank's alleged reporting of false
9  information to the national credit bureau, conduct which is regulated by Section 1681s-2 of the
10 FCRA. Thus, based on the plain language of the FRCA, Pacheco's state law Rosenthal Act
11 claim is completely preempted. Accordingly, the Court grants Citibank's motion to dismiss as
12 to Pacheco's Rosenthal Act claim with prejudice.

### 3. Leave to Amend.

14 In advance of the hearing on Citibank's motion, the Court advised Pacheco that it
15 intended to grant Citibank's motion and that the purpose of the hearing was to determine
16 whether dismissal should be with or without prejudice. (Docket No. 14.) The Court questioned
17 Pacheco, if she were given leave to amend, what claims would Plaintiff seek to bring and what
18 facts would she allege in support of such claims. (*Id.*) In response, Pacheco argued that if she
19 were given leave to amend, contrary to what she argued in her opposition brief, she would
20 allege with greater clarity that she is bringing a claim under the FDCPA. According to
21 Pacheco, she would "borrow" the definition of a debt collector from the Rosenthal Act and
22 incorporate this definition into her federal claim under the FDCPA. In support of her position
23 that the state law may be used to expand her federal claim, Pacheco cited to *Alkan v.*
24 *Citimortgage, Inc.*, 336 F. Supp. 2d 1061 (N.D. Cal 2004). However, as the court makes clear
25 in *Alkan*, while the Rosenthal Act incorporates by reference certain provisions of the FDCPA,
26 "[a]ny resulting liability ...*remains a state claim*." *Id.* at 1065 (emphasis added). "California
27 has not somehow expanded the scope of federal liability under the FDCPA through Cal. Civ.
28 Code § 1788.17." *Id.* Accordingly, the Court finds it would be futile to grant Pacheco leave to

4

amend to state a claim under the FDCPA, and thus dismisses her claims with prejudice. *See Klamath-Lake Pharmaceutical Ass'n v. Klamath Medical Service Bureau*, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow "futile" amendments).

## CONCLUSION

For the foregoing reasons, the Court GRANTS Citibank's motion to dismiss without leave to amend.

**IT IS SO ORDERED.**

Dated: April 27, 2007

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE